KORF, Appellant, v. KORF, Respondent.

*February 26—April 9, 1968.*

For the appellant there was a brief by *Heide, Sheldon, Hartley & Thom* and *W. A. Sheldon,* all of Kenosha, and oral argument by *W. A. Sheldon.*

For the respondent there was a brief by *Phillips & Richards* and *David L. Phillips,* all of Kenosha, and oral argument by *Charles J. Richards.*

HEFFERNAN, J. We conclude that this case is controlled by our earlier decision in the *Estate of Ferguson* (1964), 25 Wis. 2d 75, 130 N. W. 2d 300. In that case, also, the question was whether the failure to comply with sec. 245.10, Stats.,[1] resulted in a void marriage. That

[1] Sec. 245.10, Stats. 1963, provides:

"**Permission of court required for certain marriages.** When either applicant has minor issue of a prior marriage not in his

section provides that, when either applicant has minor children of a prior marriage who are not in his custody and which he is under an obligation to support by court order, no license shall be issued without an order of a court having jurisdiction in the county in which the marriage license application is made.

In *Ferguson*, the husband, a resident of Wisconsin, was charged with the duty to support a minor child whose custody had been awarded to the wife. Subsequently, Ferguson married a resident of Illinois at Battle Creek, Michigan. Ferguson failed to make application to the court for permission to marry as required by sec. 245.10, Stats. He died within a few months of the second marriage, and the question in that case was whether the second wife was entitled to inherit as the spouse of the deceased. We concluded that sec. 245.10 did not apply

custody and which he is under obligation to support by court order or judgment, no license shall be issued without the order of a court having divorce jurisdiction in the county of application. The court, within 5 days after such permission is sought by verified petition in a special proceeding, shall either grant such order or direct a court hearing to be held in the matter to allow said applicant to submit proof of his compliance with such prior court obligation. No such order shall be granted, or hearing held, unless both applicants for such license appear, and unless the person, agency, institution, welfare department or other entity having the legal or actual custody of such minor issue is given notice of such proceeding by personal service of a copy of such petition at least 5 days prior to the court order or hearing, unless such appearance or notice has been waived by the court upon good cause shown. Upon the hearing, if said applicant submits such proof and makes a showing that such children are not and are not likely to become public charges, the court shall grant such order, a copy of which shall be filed in any prior divorce action of such applicant in this state affected thereby; otherwise permission for a license shall be withheld until such proof is submitted and such showing is made, but any court order withholding such permission is an appealable order. Any marriage contracted without compliance with this section, where such compliance is required, shall be void, whether entered into in this state or elsewhere."

to marriages outside of Wisconsin and would not be given extraterritorial effect.

The appellant herein does not argue that *Ferguson* should be overruled. Rather, the focus of his attack on the trial court's ruling is that *Ferguson* should be confined to its facts. He points out that *Ferguson* involved a marriage between Wisconsin and Illinois residents, whereas, in the present case, both parties resided in Wisconsin prior to the marriage and returned to this state after the Illinois ceremony. However, an examination of the rationale of the *Ferguson Case* makes it clear that the court's decision was not predicated upon the facts of residency. Mr. Justice HALLOWS, speaking for the court, stated at pages 78, 79:

"The legislative history and an analysis of sec. 245.10, Stats., make it clear the section can be given no extraterritorial effect. . . .

". . . We cannot find an intention of the legislature in these requirements for obtaining a court order for the issuance of a license to marry which requires compliance by a *Wisconsin resident* outside the state of Wisconsin. The intention of the legislature was not to regulate the issuance of a foreign license to marry by requiring foreign courts to grant such license on Wisconsin public policy nor to endow the denial of such license with the attributes of appealability in that state." (Emphasis supplied.)

The appellant has called to our attention the language of the trial judge in *Ferguson,* wherein he noted:

"If both applicants were residents of Wisconsin and were married in another state, it is the opinion of the Court that in order to have a valid marriage they would have to comply with Section 245.10 even though married outside of the state, because Section 245.04 provides:

" '(1) If any person residing and intending to continue to reside in this state who is disabled or prohibited from contracting marriage under the laws of this state goes into another state or country and there contracts a marriage prohibited or declared void under the laws of

this state, such marriage shall be void for all purposes in this state with the same effect as though it had been entered into in this state.' " (Appendices and Briefs, Vol. 2899, No. 3, p. 104)

This rationale, however, was expressly repudiated by this court, the opinion stating:

". . . sec. 245.04, Stats., has no application to sec. 245.10. . . . this section only applies to marriages contracted outside the state without compliance with those Wisconsin laws which have extraterritorial effect." (pp. 80, 81)

While we agree with appellant's counsel that the facts herein are at variance with those in *Ferguson,* we concluded there that the controlling question was the intent of the legislature as expressed in the statute, and determined that there was no evidence of a legislative intent that a Wisconsin resident was required to secure the approval of any court when he applies for a marriage license outside of the state of Wisconsin. The factual distinction between these two cases does not affect that fundamental conclusion.

We are, of course, aware of the fact that, since *Ferguson,* the legislature has seen fit to amend the statute. The controlling language in the 1963 statute provided:

". . . no license shall be issued without the order of a court having divorce jurisdiction in the county of application. . . ."

The statute as amended, ch. 480, Laws of Wisconsin 1965, provides:

"No Wisconsin resident . . . may marry in this state or elsewhere, without the order of either the court of this state which granted such judgment or support order, or the court having divorce jurisdiction in the county of this state where such minor issue resides or where the marriage license application is made."

We, however, are not concerned with the interpretation of the amended statute in this appeal, and the extraterritorial effect of the amended statute is not before us.

We conclude that Arthur L. Korf, having married outside the state of Wisconsin, was not subject to the provisions of sec. 245.10, Stats. 1963, and he cannot now be heard to claim that the marriage to Patricia was null and void.

*By the Court.*—Judgment affirmed.